Case No. 22-5140 et al. Campaign Legal Center v. Federal Election Commission Heritage Action for America Appellants. Mr. Lucas for the appellants, Ms. Donahue for the appellate. Good morning, Your Honors, and may it please the Court, Brinton Lucas. Mr. Lucas, okay, I didn't see you at first. Good morning. Please proceed. And may it please the Court, Brinton Lucas for Appellants Heritage Action. I'd like to reserve two minutes of my time for rebuttal. Three days after the District Court entered final judgment, authorizing a citizen suit against my client on the premise that the FEC had failed to act on an administrative complaint, the FEC revealed that it had in fact acted on that complaint over a year earlier. In light of this new evidence, we promptly moved to intervene four days later. The District Court nevertheless denied our motion as untimely. That ruling cannot stand for a number of reasons, two of which I'd like to First, Heritage Action could not have intervened before then. Under Rule 24c, we had to explain to the District Court what defense we were going to raise if we were allowed into the proceedings. And until we had evidence that the FEC had in fact acted on the complaint, we could not have advanced a meaningful defense in this failure to act challenge. Second, the timing of the action in this failure to act case went straight to the District Court's subject matter jurisdiction, meaning it had to consider this issue regardless of whether even if we had never intervened. So this court should reverse the intervention ruling and vacate the orders authorizing the citizen suit. I welcome any questions you may have. The defense that you present, can it be presented in the citizen suit? Yes, Your Honor. I'd like to say two points about that. First, we believe, like Judge Kelly below, that we can present that in the citizen suit. So where's your prejudice? Aren't we reviewing this for abuse of discretion? Yes, Judge Wilkinson. Can I say two points on why we're prejudiced here with respect to that? First, CLC has adamantly contested that we cannot raise this argument in front of the citizen suit court. We disagree with that. We think we can. But the risk that the citizen suit court will agree with CLC prompted us to file this appeal. And secondly, even if we set that problem aside, the risks here in front of the citizen suit court are greater than they would be in the authorization court. Let me explain to you exactly why. If we go to the citizen suit court and litigate this issue and lose, then we could be subjected to months or even years of discovery before we get a chance to appeal. Conversely, if this court vacates the authorization orders and send this back to Judge Kelly, who authorized the citizen suit, and say, lose there on this issue, we can appeal directly to this court. So for those two reasons, we think we're prejudiced if we're denied our motion to intervene. So turning to the timing of our motion, I just like to point out that CLC never explains how exactly we could have defended against its failure to act case until we had evidence that the FEC had had in fact acted. At most, CLC suggests that we should have intervened earlier, accused the FEC of concealing evidence, and then sought discovery. But that wouldn't have worked for a number of reasons. For starters, I think it's almost certain that the district court would not have allowed us to intervene to conduct what it would view as a phishing expedition into a defaulting party. The court had the same information that we did throughout this case, and it believed to the end that the FEC had completely failed to take action on the complaint. And even if the court had let us to conduct discovery into the FEC, the FEC had never appeared, and it certainly wasn't going to respond to any discovery requests. The party doesn't have to appear to respond to a discovery request, can issue a subpoena to third parties. You can certainly issue a subpoena or discovery request to a party who hasn't appeared. That's true, Your Honor, but there was no indication, and frankly, we don't think the FEC would have responded here. I mean, the FEC didn't even respond. What do you mean they wouldn't have responded? If you issue a, if you propound a discovery request and a non-party or a party doesn't respond, you file a motion to compel when you get a court order, forcing them to respond. Right, Your Honor, and two points. One, it was far from clear that the district court would have issued a motion to compel, and even if it had, we don't think... Oh, come on. Your argument is that you don't think that the district court would have done its job in enforcing discovery? Well, secondly, Your Honor, even if it did, we don't think the FEC, and this is more fundamental, would have responded. When Judge would have conformed or do a motion to compel discovery request. So I think going in and trying to get... What order are you talking about that they didn't respond to? So on March 25th of 2022, Judge Kelly said the FEC has failed to act. We order you to conform to this court's order by acting on the complaint. You have 30 days to do so. The FEC didn't show up. It didn't say anything and just completely let that stood by. So we don't see why it would respond. That's a different process though, as far as like how that is dealt with when an agency doesn't take an administrative action within a deadline versus when it's got a court order to produce certain records and it doesn't produce them. Okay, fine. They could not produce them if they choose to act that way. But then there's contempt and there's fines and there's all sorts of other things that are at the district court's disposal. So your honor, even if you disagree with those points, I would just like to underscore that really we think the burden should not be placed on parties to affirmatively go in and try and ferret out evidence that a federal agency has been concealing from the courts. And that was particularly clear in our case because just to emphasize, our client was under consideration by a federal agency, whether it was going to launch an investigation into our client. It didn't want to start engaging in adversarial litigation against an agency currently investigating it by prompting motions to compel or trying to seek sanctions against a party that had never appeared. So I think it would really put litigants between a rock and by saying you have to come in and launch a discovery campaign adversarial to one of the parties that's currently deciding whether to take enforcement action against you. I think that would be a particularly bad rule in terms of setting incentives for parties to come in and in order to preserve their rights have to engage in controversy and adversarial relationship. Judge Wilkins, I believe you were on mute. I didn't hear the question. Oh, ignore that. Go ahead. I see I'm getting into my rebuttal time. If the court has any further questions, I'm happy to address them now or we can pick up the discussion on rebuttal. All right. Thank you. We'll hear then from Ms. Danahy. Good morning, Your Honors, and may it please the court. Molly Danahy for the Appellee Campaign Legal Center. The district court did not abuse its discretion in denying heritage actions post judgment motion to intervene as untimely. Campaign Legal Center filed this lawsuit in February 2021. 61 days later, it became clear that the FEC was not going to appear and defend the lawsuit. At that point, it was also clear that heritage actions interests, which the district court found to be obviously implicated in this case, would not be represented. Yet heritage action waited 11 months until after the district court entered judgment against the FEC to make any effort to And it did so not by moving to intervene, but instead by starting to gather evidence in an attempt to refute CLC's claim. When heritage action finally did move to intervene, over a year after the FEC failed to appear and after the case was terminated, its sole purpose was to present argument and evidence that could have been presented to the court before judgment was issued. The court did not abuse its discretion in finding that allowing intervention at this late How could they have presented the evidence to the court before the judgment was issued if they didn't have it? Well, your honor, the evidence that heritage action is relying on was available before the FEC failed to appear. There was no nothing prevented heritage action from taking any steps as soon as it became clear that their interests would not be represented from seeking to obtain that information. And importantly, there was no change in information that was available to heritage action about whether the FEC had taken any steps with regard to the administrative complaint. There's no change in the information that was available to them when the FEC failed to appear and when the district court entered a default judgment. The only thing that spurred heritage action to attempt to protect its interest in this case was the threat of an adverse judgment and a citizen suit against them. But that threat existed from the inception of the case and from the moment that the FEC failed to appear. Well, your friend on the other side says that they couldn't appear earlier because in order to be granted intervention, they would have had to articulate what their defense was and they would have had no good faith basis to articulate the defense that the FEC had acted until they got the documents. So do you agree that they would have had to been able to articulate their defense at the time they requested intervention? Your Honor, I agree that the defendant or an intervener defendant has to be able to articulate a good faith defense, but I don't believe it was impossible for them to do so at the time that the FEC failed to appear. Campaign Legal filed a motion for default judgment and under the standard that applies for default against the government, we had to present sufficient evidence for the district court to find in our favor and find against the FEC. The evidence that we presented goes to an 11-factor test that's been set up by this court. Nothing prevented Heritage Action from disputing any of those factors based on the same publicly available evidence that CLC relied on when it filed its motion for default judgment. The particular defense that they have asserted now post-judgment was also available to them at that time and if Heritage Action had acted diligently and filed a FOIA request on day 61 instead of 11 months later, they would have had the information that they're now relying on in time to contest CLC's motion for default judgment. Even if they didn't intervene and seek discovery, they had the same options available to them at the time that the FEC failed to appear that they did when the district court entered default judgment. Again, there was no change in information available to Heritage Action about the FEC's handling of the administrative case from day 61 to the date 11 months later when they finally filed their FOIA request. They also didn't make any effort to move for intervention after the default judgment was entered. They simply waited too long. In particular, the evidence that was available to them when the FEC failed to appear was that there were not four votes to defend the lawsuit. That's the statutory threshold that applies for the FEC to appear and defend a lawsuit like the one that CLC brought. That was sufficient evidence to put Heritage Action on notice that there may not have been four votes to find reason to believe that there may have also been a deadlock, in other words, over the merits of the case. I think that's the information that was available to Heritage Action when the FEC failed to appear. It's the same information that was available to them 11 months later when they finally filed their FOIA request and over a year after the FEC's failure to appear when they finally moved to intervene. But do you contest the argument that in terms of the strength of their motion, it would not have had the same force unless somehow a respective intervener under 24a had first to file a FOIA request? No, Your Honor. I think the test is whether Heritage Action moved to intervene as soon as it became clear that their interests would be implicated in the case. But what I'm getting at is you can file a motion and a request, but why would you do that when the grounds are fairly, I'll just say weak, weak because the response would be, well, CDC may appeal. All kinds of things may happen. Well, Your Honor, our position is that it was fairly clear that the FEC would not appeal this case when it defaulted and didn't appear to defend the case in the district court. And I would also note that- Well, what do you take of Judge Wilkins' questions in that regard? With respect to the evidence that was available to Heritage Action at that time? You heard Judge Wilkins' questions. Okay, I'm not going to repeat it because counsel says they don't understand my questions. I apologize. My campaign legal's position is that the Heritage Action's failure to obtain evidence was due to its own lack of diligence. Yeah. If they intended to defend this lawsuit, the time and opportunity to do that was when CLC's motion for default judgment was pending against the FEC, which again- And granted. Well, it was not granted for 10 months after it was filed. There was a period after the FEC failed to appear and defend the case. And after CLC filed this motion for default judgment, when Heritage Action could have intervened, contested any of the factual bases that CLC relied on in its motion for default judgment, or attempted to obtain evidence and present that to the district court before it entered judgment against the FEC. And it simply failed to do so. And that's why it was not an abuse of discretion for the district court to find their motion to intervene to be untimely. Do you see any difference between a 24A motion and something that might arise under 24B? Well, Your Honor, I think the timeliness factor is relevant to both motions. I agree relevant, but that wasn't the question. One is a right to intervene. The other is the court may allow you to intervene. Yes, Your Honor. And the court may have allowed Heritage Action to intervene under the permissive standard had it moved in a timely fashion. And the reason that the motion for intervention was denied is because it was untimely. And that was not an abuse of discretion on the record before the district court. I guess what I'm trying to get at where the smoking gun isn't available to you unless you file an independent administrative action. Does that make any difference when you're talking about 24A? And your answer may be no, but... I don't believe it does because the test is not, do you have the evidence necessary to defend your claim? It's, did you move to intervene at the time that it became clear that your interests were implicated and would not be represented by any party in the case? I mean, it seems like the appellant in their argument said that, well, in order to successfully intervene, we would have had to articulate what our defense would be. And I don't see that argument made in their opening brief. And I don't see that standard appearing anywhere in our case law on how to decide whether intervention is appropriate, either whether as intervention as a right or discretionary intervention. But you tell me what you think about those points. Well, Your Honor, I think I agree that the test is not whether the party has sufficient evidence to intervene. It's whether they've intervened in a timely fashion. And I think it's also a little bit of a red herring here because the evidence that Heritage Action had when it finally moved to intervene and the evidence that it had at the time the FEC failed to appear was nominally the same. All they had at the time they intervened was an acknowledgment from the FEC that it had records responsive to the FOIA request. They didn't have any other additional evidence at that time. Thank you. Thank you, Your Honors. All right. If there are no more questions, then thank you, counsel. And I believe Mr. Thank you, Your Honor. I'd just like to make three points. First, I think as this court's colloquy with my friend on the other side has revealed, essentially, CLC's position is that we needed and we have the responsibility to file a FOIA request in order to intervene. That was a condition on our intervention that we had to start ferreting out whether a federal agency, which is presumed to engage and behave in good faith, was concealing material evidence from a court. We think it would be very problematic precedent to set here and we don't think It seems like the first hurdle you need to overcome, though, is you're presenting this as if you couldn't have moved earlier because you needed to know what the agency did in order to intervene. And I actually don't see that argument really in your briefing, at least your opening brief. I don't see it. But more importantly, I don't see how that's consistent with the case law and the four-factor standard that's used to determine whether intervention is appropriate. A couple points, Your Honor. I think first, with respect to preservation, I think it is in our opening brief. I think we made clear that trying to intervene at that point would have just been a futile gesture and, you know, that wasn't going to come in. And I think more substantively, the fact of the matter is Rule 24C does require us to state what defense we need to come in. And whether or not that's discussed within this Court's four factors, I think it's quite clear that you shouldn't penalize a party for trying to intervene simply because they don't have a defense at that time. And so I think that's what I would say to that question. But just turning on to my couple other points, secondly, as my friend on the other side said a lot, that we should have just intervened to, you know, engage and fight them. I see I'm out of time. May I leave to fight them on this 11-factor test? And I could understand her argument if we were now trying to intervene to present argument on that 11-factor test. But what we're doing here, the argument we want to make is that you don't even need to get to that 11-factor test because the FEC actually acted on the complaint. So I don't think that point works. And finally, Your Honors, I would just stress we're here. We would like the chance to make our arguments in some court, to give this evidence, to provide it and say why this was problematic, why a citizen suit should not be brought against us. We would prefer for the resolution to be in front of the authorizing court below for the reasons I've explained. But if this court were to make clear that we could raise that argument in front of the citizen suit court and that we are not precluded from doing so, that would go a long way to solving our concerns. This court has no further questions. Thank you. All right. Thank you, Counsel. Madam Clerk, would you call the next case?
judges: Henderson, Wilkins, Rogers